# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JAYLON D.K. TAYLOR** | **CIVIL ACTION NO. 19-322-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **S. MAYS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jaylon D.K. Taylor ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 12, 2019. Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, when he filed this complaint. Plaintiff names the Shreveport Police Department, the City of Shreveport, S. Mays, M. Jones, K. Hair, and John Does 1-6 as defendants.

On May 17, 2019, this court ordered Plaintiff to file, within 30 days of the service of the order, one (1) copy of the complaint, two (2) completed summonses, and one (1) completed USM 285 form for each Defendant, for service. However, that order was returned to this court on May 28, 2019 by the United States Postal Service marked "RETURN TO SENDER-GONE." To date, Plaintiff has not informed this court of his new address.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address.  Failure to do so shall be considered cause for dismissal for failure to prosecute.  See ULLR 41.3.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, <u>sua</u> <u>sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  <u>See</u> <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district

court and that were not objected to by the aforementioned party.   See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

   **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 12th day of August 2019.

Mark L. Hornsby
U.S. Magistrate Judge